UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VICTOR PEREZ,

        Plaintiff,

  - against -

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
10-CV-2697 (RRM)(RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff *pro se*, presently an inmate at the Auburn Correctional Facility, commenced this action on June 9, 2010, for civil rights violations stemming from injuries he sustained when another inmate allegedly assaulted him at Rikers Island.  (Doc. No. 1.)  On June 25, 2010, the case was referred to the Honorable Magistrate Judge Robert M. Levy for pretrial supervision.  (Doc. No. 4.)[1]  By motion filed January 25, 2012, plaintiff sought leave to file an amended complaint adding numerous defendants, including the City of New York and sixteen employees of the City of New York Department of Correction ("DOC").  (Doc. No. 29.)  Judge Levy granted plaintiff's motion as to Correction Officer Thomas Howell, but reserved decision as to all remaining additional defendants.  (Text Order, dated Feb. 7, 2012.)  On March 29, 2012, Judge Levy issued a Report and Recommendation (the "R&R") recommending that the remainder of the motion be denied.  (Doc. No. 34.)  Presently before the Court is plaintiff's objection to the R&R (Doc. Nos. 37, 39) ("Pl. Opp.") and defendants' response thereto (Doc. No. 38).  For the reasons that follow, the Court adopts Judge Levy's R&R in its entirety.  However,

---

[1] Plaintiff's motion to proceed *in forma pauperis* was also granted at that time.  (Doc. No. 4.)

the Court also grants plaintiff leave to amend his complaint, based on plaintiff's latest submissions, against the City of New York.

## DISCUSSION

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely, specific objection has been made, is reviewed *de novo*. *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009). The district court is not required to review *de novo*, and may instead review for clear error, those portions of a report and recommendation to which no specific objections are addressed. *See DiPilato*, 662 F. Supp. 2d at 339. Where an objection consists of "conclusory or general arguments," or is merely an "attempt to engage the district court in rehashing of the same arguments set forth in the original petition" clear error review is appropriate. *Id.* Even considering the lenient standard normally afforded to the objections of a *pro se* party, such as plaintiff in this case, objections must still be "specific and clearly aimed at particular findings" so as to prevent "relitigating a prior argument." *Id.* at 340. After review, the district judge may accept, reject, or modify any of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b)(3).

Plaintiff's objections to the R&R consist primarily of new factual allegations or more detailed explanations for the conclusory factual allegations he presented to Judge Levy in the proposed amended complaint. As far as a challenge to Judge Levy's R&R, plaintiff's submission is unacceptable. *See Rivera v. Federlin*, No. 08 Civ. 7293(PAC), 2011 WL 6014012, at *3 (S.D.N.Y. Dec. 2, 2011) (finding that "new factual allegation[s]" raised for the first time in

an objection are not valid "objection[s]" and "will not be considered by the Court"); *Forman v. Artuz*, 211 F. Supp. 2d 415, 418-19 n.8 (S.D.N.Y. 2000) (stating that "factual assertions" may not be "properly raised" for the first time in an objection). Because plaintiff has wholly failed to make objections based on the proposed amended complaint at issue, the Court has reviewed Judge Levy's well-reasoned R&R for clear error and, finding none, adopts the R&R in its entirety. Thus, Plaintiff's motion to amend (Doc. No. 29) is DENIED, except as to Officer Howell.

Ordinarily, that would end the issue. However, the Court is ever mindful of its obligation to read *pro se* pleadings liberally and grant leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks omitted). Plaintiff makes new allegations in his opposition to the R&R which, out of an abundance of caution and in the interest of efficiency, the Court will review in the first instance as yet another motion to amend.

## I. Renewed Motion to Amend

Federal Rule of Civil Procedure 15(a) instructs the courts to freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may still deny leave to amend "in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is futile if "the proposed claim could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss." *Cummings-Fowler v. Suffolk Cnty. Comty. Coll.*, - - - F. Supp. 2d - - - -, No. 09 Civ. 3593(ADS), 2012 WL 1341489, at *5 (E.D.N.Y. Apr. 18, 2012) (citing *Lucente v. IBM Corp.*, 310 F.3d 243,

3

258 (2d Cir. 2002)).[2] To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making such an assessment, federal courts are also "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).

### a. Proposed *Monell* Claim Against the City of New York

To establish a municipal liability claim under § 1983, the plaintiff must show that his constitutional rights were violated as the result of a policy, custom or practice of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). If, as alleged here, the unlawful practice resulted from the actions of subordinate employees, the practice must be "so manifest as to imply the constructive acquiescence of senior policy-making officials." *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992); *see also Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126-27 (2d Cir. 2004) (finding that practice must be so prevalent as to demonstrate the municipality's "deliberate indifference to constitutional deprivations"); *Abreu v. City of N.Y.*, 657 F. Supp. 2d 357, 360-61 (E.D.N.Y. 2009) ("It is well established that a plaintiff may establish [the] required causal link by showing that a defendant was deliberately indifferent to the training, supervision, or discipline of its employees.").

Plaintiff alleges that he was attacked at Rikers Island by a gang member, who was directed to do so by DOC officers, and that DOC has a custom or policy of using gang members as "enforcers throughout various facilities on Rikers Island." (Doc. No. 29-1 at 6; Doc. No. 37 at

---

[2] Where the amendment seeks to supplement the complaint with additional defendants, Fed. R. Civ. P. 21 governs. *Rissman v. City of N.Y.*, No. 01 Civ. 6284(SHS)(DF), 2001 WL 1398655, at *1 (S.D.N.Y. Nov. 9, 2001) (citing *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909(DLC), 2001 WL 58000, at *1 (S.D.N.Y. Jan. 23, 2001)). "However, the standard for granting the motion is the same under either" Rule 15 or Rule 21. *Jean-Francois v. Vill. of Larchmont*, No. 08 Civ. 8212(KTD), 2011 WL 744774, at *1 (S.D.N.Y. Mar. 1, 2011); *see also Gilead Scis., Inc. v. Teva Pharm. USA, Inc.*, No. 10 Civ. 1796(RJS), 2011 WL 2462764, at *1 (S.D.N.Y. Jun. 13, 2011) ("[T]he same standard of liberality applies under either rule." (quoting *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010))).

3.) In support, Plaintiff now points to a settlement in a lawsuit by another prison inmate, as well as articles from the Village Voice, Newsday, the Wall Street Journal and the "Wiki Commons Blog" discussing alleged assaults on inmates by DOCS officers, including some in which the officers used inmates as "enforcers." (Pl. Opp., Doc. 37 at 3-4.) Plaintiff asserts that these sources are sufficient to raise a plausible claim that what happened to plaintiff was the result of deliberate indifference to a custom, policy and practice giving rise to *Monell* liability on the part of the City of New York. Plaintiff's claim must be rejected.

First, plaintiff's attempt to rely on the settlement in *Ingles v. Toro*, 438 F. Supp. 2d 203 (S.D.N.Y. 2006) is inapposite. *Ingles* was a class action certified in 2003 alleging that DOC employees, themselves, used excessive force when punishing inmates for minor misconduct, and as such, is wholly unrelated to the pattern and practice that plaintiff attempts to rely on here, that is, that officers used inmates to carry out on their behalf retaliatory assaults on other inmates. *See id.* at 207.

Moreover, plaintiff relies on unsubstantiated and general allegations in newspaper articles and a blog post in an effort to suggest that the conduct described therein did, in fact, occur, and in the manner recounted. But even assuming these incidents occurred, plaintiff does not allege who, if anyone, at DOCS and/or the City knew about the alleged incidents, or how and through whom these entities may have responded to the alleged incidents. While a court may consider complaints made against a municipality and its response to them to determine whether the municipality acted with deliberate indifference, *see Fiacco v. City of Rensselaer*, 783 F.2d 319, 327-28 (2d Cir. 1986), the sources on which plaintiff attempts to rely do not support an inference of deliberate indifference against DOCS and/or the City sufficient to give rise to a *Monell* claim. *See Delrosario v. City of New York*, No. 07-Civ-2207(RJS), 2010 U.S. Dist. LEXIS 20923 at

5

*18-19(S.D.N.Y. Mar. 4, 2010); *see also McAllister v. New York City Police Dep't*, 49 F. Supp. 2d 688, 706 n.12 (S.D.N.Y. 1999) (collecting cases). Nor does plaintiff allege anything other than his own conclusory statements to suggest that there is any causal connection between the alleged incidents and the alleged deprivation of plaintiff's constitutional rights. *Id*. at 707, n.13; *see also Plair v. City of New York*, 789 F. Supp. 2d 459 (S.D.N.Y. 2011) (allegations of prior violence in New York City correctional facilities with no temporal or other connection to claim at bar held insufficient to raise policy or custom at the DOC); *cf. Bektic-Marrero v. Goldberg*, - - - F. Supp. 2d - - - -, No. 11 Civ. 1781(CM), 2012 WL 733875, at *11-12 (S.D.N.Y. Mar. 7, 2012) (denying motion to dismiss *Monell* claim where plaintiff's allegations were "distressingly reminiscent" of widespread problems identified in a government report).

Finally, a plaintiff asserting a *Monell* claim may plead repeated constitutional violations which are sufficiently pervasive as to suggest acquiescence on the part of the City's policymakers. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 S. Ct. 915, 99 L. Ed. 2d 107 (1988); *see also Sorlucco v. New York City Police Deparment*, 971 F.2d 864, 870 (2d. Cir. 1992) (municipality may not be held liable under Section 1983 for isolated unconstitutional acts of its employees). The articles cited by plaintiff, if true, at best cite a handful of instances the specifics of which are not clear. Reading his allegations as strongly as possible in his favor in this regard, plaintiff has not pled sufficient facts to establish constitutional violations that were so pervasive and widespread as to amount to a custom, policy or practice attributed to or acquiesced in by municipal policymakers.

Thus, even construing plaintiff's *pro se* submission as another proposed amended complaint, and as raising the strongest arguments possible in plaintiff's favor, the Court finds that plaintiff has failed to state a plausible claim against the City of New York.

6

**b. Proposed § 1983 Claim Against the Individual Defendants**

Plaintiff also proposes to amend his complaint to add a number of officers as individual defendants. These include both wardens, presumably in a supervisory capacity, and subordinate officers.[3] Because plaintiff's allegations are either conclusory and speculative or do not amount to a constitutional violation, plaintiff's motion to amend is denied.

Under § 1983, a defendant can only be liable for his or her personal involvement in the alleged constitutional deprivation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions has violated the Constitution."). In the case of a defendant operating in a supervisory capacity, liability may also extend to instances where the supervisor (1) actually directly participated in the violation; (2) failed to remedy a wrong after being informed through a report or appeal; (3) created a policy or custom that sanctioned conduct amounting to a violation, or allowed such a policy or custom to continue; (4) was grossly negligent in supervising subordinates; or (5) failed to act on information indicating that unconstitutional acts were occurring. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Jones v. Montalbano*, No. 09 Civ. 4548(DLI), 2012 WL 847373, at *5 (E.D.N.Y. Mar. 13, 2012) (finding that supervisor must exhibit "deliberate indifference") (quotation marks omitted).

Plaintiff's claims against most of the proposed defendants fall short due to his failure to allege either personal involvement, or for supervisors, deliberate indifference. Plaintiff offers only conclusory and speculative allegations regarding Warden Evelyn Mirabel, Deputy Warden

---

[3] The currently proposed new defendants are Warden Evelyn A. Mirabel, Deputy Warden of Security Victor Vasquez, Assistant Warden Wendy Gill, Assistant Deputy Warden John Murdoch, Assistant Deputy Warden Catusco, Correction Captain Demetrious Gives, Correction Officer Louis, Correction Officer Derrick Strong, Correction Officer J. Pererra, Correction Officer Wider, Correction Officer Ambers and a John Doe Correction Officer.

Victor Vasquez, Assistant Deputy Warden Catusco, Correction Captain Demetrious Gives,[4] Correction Officer Louis or Correction Officer Wider. Therefore, plaintiff's proposed amendment is denied as to those defendants.

Plaintiff does allege involvement on the part of other defendants. Specifically, plaintiff accuses certain of the proposed defendants of submitting false reports or making false entries in DOC records regarding the incident in question.[5] Nevertheless, these claims also fail, whether viewed as an independent constitutional violation or as part of a conspiracy to inflict excessive force.

Initially, it is well-established that the filing of a false report regarding a prison inmate, absent allegations that it was retaliation against the prisoner for exercising her or her constitutional rights, is not a constitutional violation actionable under § 1983. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *see also Grant v. Harvey*, No. 09 Civ. 1918(LTS), 2011 WL 6747472, at *3 (S.D.N.Y. Dec. 23, 2011) ("Plaintiff's assertion that [defendants] can be held liable under Section 1983 for an Eighth Amendment violation on the basis of an alleged post-beating cover up is unfounded as a matter of law."); *Heyliger v. Gebler*, No. 06-CV-6220L, 2010 WL 7746201, at *1-2 (W.D.N.Y. Jul. 30, 2010) ("[C]ourts have dismissed claims alleging the issuance of false misbehavior reports as part of a 'coverup' attempt."); *Johnson v. Barney*, No. 04 Civ. 10204(LBS), 2006 WL 3714442, at *2 (S.D.N.Y. Dec. 13, 2006.) ("Merely filing a

---

[4] Plaintiff alleges that Captain Gives destroyed video evidence of the assault. (Doc. No. 37 at 12-15.) This belief is apparently based on the fact that Correction Captain Gives reviewed tapes from the DOC's video surveillance system and reported that none of the cameras captured the assault. Plaintiff has no logical or non-speculative basis for believing the representation is false.

[5] Such defendants include Assistant Warden Wendy Gill (alleged to have submitted a false report indicating that plaintiff started the fight, and changing plaintiff's classification to reflect gang membership); Deputy Warden John Murdoch (alleged to have filed a document indicating plaintiff is a gang member); Correction Officer Derrick Strong (alleged to have filed a notice of search that incorrectly identified which cell contained plaintiff's property), Correction Officer J. Pererra (alleged to have signed a form indicating plaintiff refused to sign a notice of infraction); Correction Officer Ambers (alleged to have entered a false count of prisoners in the log book for the cell block where the assault took place); and defendant John Doe (alleged to have failed to properly record plaintiff's housing area upon his release from main intake). (Doc. No. 37 at 10-20.)

falsified investigative report in a grievance proceeding does not rise to the level of a constitutional violation; plaintiff's complaint fails to state a claim."), *aff'd*, 360 Fed. App'x 199 (2d Cir. 2010). Therefore, plaintiff fails to state an independent claim against any of the proposed defendants for filing false reports.

Plaintiff's false report allegations fare no better when viewed as a § 1983 excessive force conspiracy claim. In order to make out such a claim, plaintiff must plausibly allege, *inter alia*, an agreement among the defendants. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999); *Tavares v. City of N.Y.*, No. 08 Civ. 3782(JSR)(JCF), 2010 WL 234974, at *5 (S.D.N.Y. Jan 19. 2010). Although plaintiff must go beyond conclusory allegations, Courts have recognized that conspiracies "are by their very nature secretive operations" and may have to be proven by "circumstantial, rather than direct, evidence." *Pangburn*, 200 F.3d at 72 (quotation marks omitted). Nevertheless, plaintiff has failed to allege - - in any but the most conclusory and speculative fashion - - cooperation or agreement among the proposed defendants. For most of the proposed defendants, plaintiff attacks a series of independent bookkeeping entries, at best tangentially related to the incident. For others, his allegations suggest simply that the proposed defendants credited the representations of the officers directly involved in the assault over those of plaintiff. Although his allegations are not "logically inconsistent with the possibility of such a conspiracy" he offers nothing to raise such a claim to the level of plausibility. *Tolliver v. Ercole*, No. 08 Civ. 4023(DAB), 2010 WL 1222053, at *5 (S.D.N.Y. Mar. 29, 2010) (dismissing conspiracy claim); *see also Tavares*, 2010 WL 234974, at *5 (rejecting § 1983 conspiracy claim based on allegation that proposed officer defendants conveniently could no longer recall the alleged assault).

Therefore, plaintiff's renewed motion to amend to add additional individual defendants is DENIED.

## CONCLUSION

Plaintiff's original motion to amend his complaint (Doc. No. 29) is DENIED, except with respect to Officer Howell. Further, upon construing as yet another motion to amend the new information set forth in plaintiff's objection to Judge Levy's R&R (Doc No. 37), plaintiff is DENIED leave to add additional defendants and to raise a *Monell* claim against the City of New York.

This matter is recommitted to Judge Levy for continued pretrial supervision.

The Clerk of Court is directed to transmit a copy of this Order to plaintiff *pro se* via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
      August 27, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge