UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VICTOR PEREZ,

                Plaintiff,

       - against -

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, *et al.*,

                Defendants.

-----------------------------------------------------------X

**<u>MEMORANDUM & ORDER</u>**
10-CV-2697 (RRM)(RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff commenced this action on June 9, 2010, proceeding *pro se* and alleging civil

rights violations based on injuries sustained from another inmate at Rikers Island.  (Doc. No. 1.)

On June 25, 2010, the case was referred to Magistrate Judge Robert M. Levy for pretrial

supervision.  (Doc. No. 4.)  Plaintiff requested leave to file an amended complaint on January 25,

2012, seeking to add as defendants the City of New York and sixteen employees of the

municipal Department of Correction.  (Doc. No. 29.)  Judge Levy granted plaintiff's motion as to

Correction Officer Thomas Howell ("C.O. Howell"), but reserved decision as to the remaining

defendants.  (Text Order dated Feb. 7, 2012.)  On March 29, 2012, Judge Levy issued a report

and recommendation ("R&R") recommending that this Court deny the balance of plaintiff's

motion.  (Doc. No. 34.)  On August 27, 2012, this Court adopted Judge Levy's R&R in its

entirety and denied as futile plaintiff's motion for leave to amend his complaint to plead a claim

against the City of New York.[1]  Before the Court is plaintiff's motion requesting reconsideration

as to his proposed claim against the City of New York.  For the reasons that follow, plaintiff's

---

[1] Out of an abundance of caution and mindful of its obligation to read *pro se* pleadings liberally, the Court construed
the new allegations raised in plaintiff's objections to the R&R as a motion for leave to amend his complaint.  (*See*
Order dated August 27, 2012, at 3.)

motion for reconsideration is denied and, to the extent that new facts alleged by plaintiff are construed as a renewed motion to amend, leave to amend is denied.

## DISCUSSION

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.*, 845 F.Supp.2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Electronics Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010)) (internal quotation marks omitted). The moving party must adduce controlling law or facts that were overlooked by the Court, which might materially have influenced its conclusion. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Ocello v. City of N.Y.*, No. 05-CV-3725, 2008 WL 2827424, at *5 (E.D.N.Y. July 21, 2008). Reconsideration may be warranted, for instance, where a court has committed clear error, when there is a change in controlling law, if new evidence comes to light, or if it is necessary to prevent manifest injustice. *See Montblanc–Simplo GmbH v. Colibri Corp.*, 739 F.Supp.2d 143, 147 (E.D.N.Y. 2010).

"A motion for reconsideration may not be used," however, "to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (quoting *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)). In particular, a movant may not "present new or alternative theories that [he] failed to set forth in connection with the underlying motion." *Butto*, 845 F.Supp.2d at 494. As always, the Court reads the pleadings of a *pro se* litigant as giving rise to the strongest arguments they suggest. *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).

## I.    Motion for Reconsideration

On August 27, 2012, this Court denied plaintiff's request to add a claim against the City of New York in accordance with *Monell v. Department of Social Services*, 436 U.S. 658 (1978), on the ground that plaintiff had failed to state a plausible claim against the municipality.  (Order dated August 27, 2012, at 4-6.)  Plaintiff now seeks reconsideration of that Order, offering new facts subsequently obtained in discovery that he argues provide a basis for a § 1983 claim for a failure to train.  To the extent that plaintiff seeks to resurrect his claim that the Department of Correction intentionally violated his rights, plaintiff is attempting to relitigate issues already decided by this Court and his request is denied.  Where plaintiff seeks to plead a new claim, he is advancing new facts, issues, and arguments not previously presented.  Reconsideration is not the proper vehicle to add new claims and plaintiff's request to do so on this motion is also denied. *Cf. Butto*, 845 F.Supp.2d at 494; *Webb*, 2011 WL 5825690, at *1.

## II.    Renewed Motion for Leave to Amend

Mindful that plaintiff is proceeding *pro se*, however, to the extent that plaintiff alleges new facts the Court construes the motion as yet another request to amend his complaint. Nonetheless, leave to amend must be denied because to do so here would be futile.  *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A proposed amendment is futile if it does not meet the threshold required to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Cummings-Fowler v. Suffolk Cnty. Comty. Coll.*, No. 09-CV-3593 (ADS), 2012 WL 1341489, at *5 (E.D.N.Y. Apr. 18, 2012).  Thus, the proposed amendment "must contain sufficient factual matter, [when] accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 570 (2007)).  In making such an assessment, federal courts must "construe a *pro se* complaint liberally."  *Harris*, 572 F.3d at 71-72.

In order to establish municipal liability under § 1983, plaintiff must show that his constitutional rights were violated as the result of a policy, custom, or practice of the municipality.  *See Monell*, 436 U.S. at 694.  Where unlawful conduct is alleged to have resulted from the actions of subordinate employees, any practice must be "so manifest as to imply the constructive acquiescence of senior policy-making officials," *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870-71 (2d Cir. 1992), and demonstrate a "deliberate indifference to constitutional deprivations."  *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126-27 (2d Cir. 2004).

Unlike plaintiff's prior allegations, the instant motion alleges for the first time a claim under § 1983 for constitutional deprivations resulting from a failure to train.  (Doc. No. 50 at 10-14.)  In support of this claim, plaintiff offers *inter alia* new facts to establish that (1) the area in which he was held was a "protective custody/general escort housing area;" (2) C.O. Howell "received training at the [Police] Academy and on the job to work in all areas;" (3) C.O. Howell did not receive "special or enhanced training" regarding the "protective custody/general escort housing area;" and (4) "there were no directives in place" on the relevant date governing whether inmates were to be "locked in when a new inmate enters a protective custody area."  (*Id.* at 8-9.)  Moreover, plaintiff argues that he was unable to secure this information prior to this Court adopting the R&R because the facts were obtained only in response to subsequent orders enforcing his discovery requests.  (*Id.* at 4, 11-12.)

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  A failure to

4

train shows a "deliberate indifference" to a complainant's constitutional rights only when the failure is properly understood as a municipal "policy or custom." *Id.* at 389; *see also Walker v. City of New York*, 974 F.2d 293, 297 (2d Cir. 1992). Accordingly, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under § 1983." *City of Canton*, 489 U.S. at 389. In this Circuit, a claim for a failure to train has three elements. *Walker*, 974 F.2d at 297. A plaintiff must show that (1) a policymaker knew "to a moral certainty" that employees would confront a given situation; (2) a given situation presents employees with a difficult choice that training would ameliorate or that employees have consistently mismanaged the situation; and (3) an incorrect choice will frequently violate a citizen's constitutional rights. *Id.* at 297-98.

As an initial matter, plaintiff has not provided "any evidence that a lack of adequate training was the actual cause of his constitutional injury."[2] *Chiaro v. County of Nassau, State of New York*, No. 09-CV-3702 (SJF) (AKT), 2011 WL 3701804, at *6 (E.D.N.Y. July 29, 2011), *report and recommendation adopted by* No. 09-CV-3702 (SJF) (AKT), 2011 WL 3702110 (E.D.N.Y. Aug. 23, 2011), *aff'd* No. 11-CV-4672, 2012 WL 5862337 (2d Cir. Nov. 20, 2012). Indeed, plaintiff concedes that C.O. Howell "received training at the [Police] Academy and on the job to work in all areas." (Doc. No. 50 at 9.) Even assuming *arguendo* that additional, specialized training would have prevented a deprivation of plaintiff's rights, "[a] single incident is generally insufficient to demonstrate liability under [a failure to train theory]." *Rubio v. County of Suffolk*, No. 01-CV-1806 (TCP), 2007 WL 2993833, at *8 (E.D.N.Y. Oct. 9, 2007), *aff'd* 328 F. App'x 36 (2d Cir. 2009); *see also Sorlucco*, 971 F.2d at 870; *Fahle v. Braslow,* 913 F.Supp. 145, 150-51 (E.D.N.Y. 1996). Plaintiff has not alleged any pattern of repeated

---

[2] This is especially significant here as plaintiff previously asserted that the alleged deprivation of his constitutional rights was due not to error but to intentional misconduct. (*See* Doc. No. 29-1 at 6; Doc. No. 37 at 3.)

constitutional violations sufficiently pervasive to suggest acquiescence on the part of municipal policymakers. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Nor has Plaintiff shown a "difficult choice of the sort that training or supervision w[ould] make less difficult" or a "history of employees mishandling the situation." *Walker*, 974 F.2d at 297. In short, the new facts alleged by plaintiff are simply insufficient to support a § 1983 claim for a failure to train.[3]

## CONCLUSION

Plaintiff's motion for reconsideration (Doc. No. 49) is DENIED. To the extent that the motion is construed as a request to amend the complaint, leave to plead a *Monell* claim against the City of New York for a failure to train is also DENIED.

The Clerk of Court is directed to transmit a copy of this Order to plaintiff *pro se* via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
      January 17, 2013

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[3] Alternatively, "a deliberate choice could be shown where 'in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Walker*, 974 F.2d at 297 (quoting *City of Canton*, 489 U.S. at 389). Beyond mere speculation, however, plaintiff has offered no facts tending to show that a failure to provide "special or enhanced training" regarding the "protective custody/general escort housing area" amounted to an obvious failure highly likely to result in a constitutional violation.