UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VICTOR PEREZ,

                Plaintiff,                       **MEMORANDUM & ORDER**
                                                                  10-CV-2697 (RRM) (RML)
     - against -

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, et al.,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff commenced this action on June 9, 2010, proceeding *pro se* and *in forma pauperis*, alleging civil rights violations based on injuries he sustained in an altercation with another inmate at Rikers Island. (Doc. No. 1.) On June 25, 2010, the case was referred to Magistrate Judge Robert M. Levy for pretrial supervision. (Doc. No. 4.) Plaintiff requested leave to file an amended complaint on January 25, 2012, seeking to add as defendants the City of New York and sixteen employees of the municipal Department of Correction. (Doc. No. 29.) Judge Levy granted plaintiff's motion as to Correction Officer Thomas Howell ("C.O. Howell"), but reserved decision as to the remaining defendants. (Order dated Feb. 7, 2012.)

      On March 29, 2012, Judge Levy issued a report and recommendation ("R&R") recommending that this Court deny the balance of plaintiff's motion. (Doc. No. 34.) On August 27, 2012, the Court adopted Judge Levy's R&R in its entirety and denied as futile plaintiff's motion for leave to amend his complaint to plead a claim against the City of New York.[1] On January 17, 2013, the Court denied plaintiff's motion to reconsider the addition of a claim

---

[1] Out of an abundance of caution and construing plaintiff's *pro se* pleadings liberally, the Court interpreted new allegations raised in plaintiff's objections to the R&R as a motion for leave to amend the complaint. (*See* Order dated August 27, 2012, at 3.)

against the City of New York and, to the extent that plaintiff alleged additional new facts, once again denied leave to amend. (Doc. No. 52.)

Currently before the Court is defendants' fully briefed motion for summary judgment pursuant to Fed. R. Civ. P. 56, which includes an opposition filed by plaintiff containing plaintiff's affidavit, memorandum of law, and 122 pages of exhibits. (Doc. Nos. 54-60.) For the reasons that follow, this motion is GRANTED.

## STANDARD OF REVIEW

As always, the Court reads the pleadings of a *pro se* litigant as giving rise to the strongest arguments they suggest. *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, the evidence of the non-movant "is to be believed" and the court must draw all "justifiable" or reasonable inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)); *Brosseau v. Haugen*, 543 U.S. 194, 195 n.2 (2004). Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with specific facts showing there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks omitted) (emphasis in original). The non-moving party "may not rely on

conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). In other words, the non-movant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted).

## DISCUSSION

Plaintiff alleged in his complaint that defendants either facilitated an assault against him by an inmate named Jirovec, or failed to protect him against the assault. Construed to raise the strongest arguments they suggest, plaintiff's pleadings allege violations of the Eight Amendment and state a cause of action under 42 U.S.C. § 1983.[2] (*See* Pl.'s Mem. in Opp. (Doc. No. 54) at 23-28.) The Supreme Court has consistently recognized that implicit in the Eight Amendment are the requirements that prison officials "take reasonable measures to guarantee the safety of [] inmates," *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984), and protect inmates from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hendricks v. Coughlin,* 942 F.2d 109, 113 (2d Cir. 1991). Further, it is well settled that "gratuitously allowing the beating . . . of one prisoner by another serves no 'legitimate penological objective.'" *Farmer*, 511 U.S. at 833 (quoting *Hudson*, 468 U.S. at 548).

---

[2] Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. However, "[s]ection 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source." *Singer v. Fulton Cnty. Sheriff,* 63 F.3d 110, 119 (2d Cir. 1995) (citing *Adickes*, 398 U.S. at 150). The substantive right here is found in the Eighth Amendment's prohibition of "cruel and unusual punishments," which is applicable to the states through the Due Process Clause of the Fourteenth Amendment. U.S. Const. amend. VIII; *see also Rhodes v. Chapman,* 452 U.S. 337, 344-45 (1981).

In order to state a cognizable failure to protect claim, plaintiff must prove that (1) "he [wa]s incarcerated under conditions posing a substantial risk of serious harm" and (2) the relevant prison officials acted with "deliberate indifference" to his safety. *Warren v. Goord*, 476 F.Supp.2d 407, 410 (S.D.N.Y. 2007) (quoting *Farmer*, 511 U.S. at 834); *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996). Deliberate indifference requires a showing that the officials or officers were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and in fact "dr[e]w the inference." *Farmer,* 511 U.S. at 837. In other words, a plaintiff must be able to show that defendants knew plaintiff "face[d] a substantial risk of serious harm and . . . disregard[ed] that risk by failing to take reasonable measures to abate the harm." *Hayes,* 84 F.3d at 620.

Viewing the facts in the light most favorable to plaintiff, and drawing all reasonable inferences in his favor,[3] plaintiff has offered no evidence from which a reasonable jury could find or infer intentional wrongdoing, recklessness or deliberate indifference, or conditions posing a substantial risk of serious harm. Rather, plaintiff offers only "bald assertion[s]" of deliberate indifference to his safety and a substantial risk of harm, which are "completely unsupported by evidence." *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). At most, plaintiff's evidence establishes that he was involved in an altercation with another inmate after being placed in protective custody and while escorted by C.O. Howell. Invoking *Ayers v. Coughlin*, 780 F.2d 205 (2d Cir. 1985), plaintiff then urges that whether defendants "acted intentionally or with reckless disregard" with respect to his "right to be free from [a] risk of harm from fellow

---

[3] Although plaintiff cites *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that he need only make out a "plausible" claim, this is incorrect. (*See* Pl.'s Mem. in Opp. (Doc. No. 54) at 16-17.) The twin teachings of *Iqbal* and *Twombly* establish the standard that obtains on a motion to dismiss, not a motion for summary judgment. While *pro se* litigants are afforded special solicitude, "proceeding *pro se* does not otherwise relieve a defendant from the usual requirements to survive a motion for summary judgment." *Bussa v. Alitalia Linee Aeree Italiane, S.p.A.*, No. 02-CIV-10296 (LAP), 2004 WL 1637014, at *4 (S.D.N.Y. July 21, 2004).

4

prisoners presents [a] triable issue of fact concerning [the] Eighth Amendment." (Pl.'s Mem. in Opp. (Doc. No. 54) at 26.) But that analysis presumes actual evidence of some misconduct and – as *Ayers* itself recognized – "[a]n isolated omission to act by a state prison guard does not support a claim under section 1983 absent circumstances indicating an evil intent, or recklessness, or at least deliberate indifference to the consequences of his conduct for those under his control and dependent upon him." 780 F.2d at 209 (quoting *Williams v. Vincent*, 508 F.2d 541, 546 (2d Cir. 1974)).

Plaintiff has offered no evidence suggesting that the conditions of the protective housing unit to which he was assigned posed a substantial risk of serious harm.[4] Nor has plaintiff offered any evidence that could plausibly link his assault with the intentions or conduct of defendants. Tellingly, even plaintiff acknowledges that his evidence only serves to "illustrate [defendants'] *potential* involvement in [his] being assaulted by another inmate." (Pl.'s Mem. in Opp. (Doc. No. 54) at 19 (emphasis added).) This is insufficient to permit the imposition of liability.

Indeed, plaintiff's entire case rests on speculation and conjecture. Plaintiff's claim is based on his perception that C.O. Howell engaged in some sort of non-verbal communication with Captain Collazzo and Officer Murano as they passed each other in the hallway of the jail.[5] (*See* Defs.' Aff. in Supp., Ex. I (Doc. No. 58-9) at 67; *see generally id.*, Ex. H (Doc. No. 58-8), pt. IV). Even assuming such a non-verbal exchange occurred, plaintiff admittedly does not know

---

[4] While plaintiff appears to suggest that a substantial risk of harm is shown merely by the fact that he was placed in protective custody (Pl.'s Mem. in Opp. (Doc. No. 54) at 26), this alone cannot support a reasonable inference that plaintiff's rights were violated. Assignment to protective custody demonstrates only an awareness of a risk to plaintiff's safety that requires additional safeguards; it does not show that the safeguards actually employed posed a substantial risk of harm.

[5] The extent of plaintiff's evidence on this point is that "defendant Howell, having accepted custody of [plaintiff], looked past [plaintiff's] shoulder and nodded in the affirmative to an unspoken communication between [Howell] and defendants [Collazzo] and [Murano]." (Pl.'s Aff. in Opp. (Doc. No. 54-1) ¶ 14; Defs.' Aff. in Supp., Ex. I (Doc. No. 58-9) at 67.) "[I]n order to avoid summary judgment, [plaintiff] 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991) (quoting *Matsushita*, 475 U.S. at 586).

5

its significance, if any. (*See* Defs.' Aff. in Supp., Ex. I at 68-69.) Indeed, plaintiff admitted at his deposition that he does not know who may have played a role in his attack and that it is possible that an inmate attacked him without any officers being involved at all. (*Id.* at 107-08.) Plaintiff further testified at his deposition that he is suing Captain Collazzo and Officer Murano because it is his belief that they were involved. (*Id*. at 112-14.) In short, plaintiff cannot point to anyone apart from the other inmate (Jirovec) as being involved in the incident. (*Id.* at 111-12.) Plaintiff's unsupported beliefs cannot support his claim against the defendant officers.

Moreover, plaintiff's self-supported claims are wholly belied by the record evidence. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Here, the record evidence plainly establishes that four disinterested inmates, including inmate Jirovec, who got into the altercation with plaintiff, all provide consistent accounts of what transpired that expressly contradict plaintiff's self-serving, speculative account. For example, inmate Jirovec stated that plaintiff entered the housing area and they fought over gang affiliation. (*See* Defs.' Aff. in Supp., Ex. M (Doc. No. 58-13).) Inmate Blackwell described what he saw as plaintiff exchanging words with inmate Jirovec, then taking a swing at inmate Jirovec, resulting in a fight. (*See id.*, Ex. O (Doc. No. 58-15).) Inmate Santiago stated that plaintiff said something to inmate Jirovec and tried to hit him, then inmate Jirovec in turn hit plaintiff and the officer stopped the fight. (*See id.*, Ex. P (Doc. No. 58-16).) Inmate Page also described the incident, recounting that plaintiff entered the area and took a swing at inmate Jirovec. (*See id.*, Ex. Q (Doc. No. 58-17).) No reasonable jury could find for plaintiff in the face

6

of this record evidence, particularly when plaintiff himself admits that his resulting injuries could have been at the hands of an inmate without any officer involvement. (*See id.*, Ex. I at 107-08.)

At the summary judgment stage, plaintiff "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible."[6] *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993); *see also Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 100-01 (2d Cir. 1997). Moreover, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247-48). Because plaintiff has offered no evidence from which a reasonable jury could infer intentional wrongdoing or deliberate indifference by defendants, or conditions posing a substantial risk of harm, there is no genuine dispute of material fact and defendants are entitled to judgment as a matter of law.

---

[6] The Court also notes that plaintiff's assertions regarding the time of the incident and the availability of security footage are also insufficient to defeat summary judgment. (*See* Pl.'s Aff. in Opp. (Doc. No. 54-1) ¶¶ 37-44.) "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 100-01 (2d Cir. 1997) (quoting *Anderson*, 477 U.S. at 247-48) (emphasis in original). Neither contention creates a material factual dispute or establishes an element of plaintiff's claim.

## CONCLUSION

For the reasons stated herein, defendants' motion for summary judgment (Doc. No. 55) is GRANTED. The Clerk of Court is directed to enter judgment accordingly, mail to plaintiff *pro se* a copy of this Memorandum and Order and the accompanying judgment, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 24, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge